assigned to the plaintiff. By a stipulation in writing, it was tried before the court without a jury. The stipulation further provided, that, if the plaintiff had judgment, it should be for the sum of $10,000, and costs.

Albert Van Wagner, for plaintiff.

Williams, Bates & Bonney, for defendants.

[NOTE. Patent No. 31,187, so far as known, has not been involved in any other cases reported prior to 1880.]

## Case No. 579.

### ASHCROFT v. HOLLINGS.

### [11 O. G. 879.]

Circuit Court, D. Massachusetts. April 13, 1877.

PATENTS FOR INVENTIONS—INFRINGEMENT—EXTENT OF CLAIM.

1. The patent for a lamp, can, or barrel, packed in part with an absorbent or finely granulated material, and over them a body of wire-gauze or perforated thin plate, either rolled up like paper scrolls or put flat together like book-leaves, is not infringed by the use of a lamp containing cotton covered with a layer of asbestus or porous fire-proof cement, and covered with one thickness of wire-gauze.

2. The invention patented to Wm. Beschke, August 14, 1866, includes as a necessary ingredient wire-gauze or perforated thin plate in the form of scrolls or of layers like the leaves of a book.

[In equity. Bill by Charles E. Ashcroft against William Hollings to enjoin infringement of letters patent No. 57,245. Bill dismissed.]

SHEPLEY, Circuit Judge. The defense in this case is based upon the alleged want of novelty in the invention described in the letters patent granted to William Beschke and others, August 14, 1866, No. 57,245, "for an improved method of using explosive fluids for the production of light and heat," and also upon a denial of any infringement of the Beschke patent. The question of infringement depends upon the construction to be given to the Beschke patent. In view of the state of the art at the date of the patent, as well as upon what is clearly described in his specification and claimed in his claims, it appears to be clear that the invention of Beschke is described and claimed as consisting in a lamp, or can, or barrel, packed in part with an absorbent or finely granulated material, (excluding sand and including saw-dust, cotton, beads, shot, gravel, asbestus, and their equivalents,) and over them "a body of wire-gauze or perforated thin plate, either rolled up like paper scrolls or put flat together like book-leaves." The defendant sells a lamp for heating purposes, manufactured under letters patent issued to Thomas W. Houchin, May 4, 1875, called Houchin's patent pocket cook-stove. The lamp is made of metal, and is filled with cotton covered with a layer of asbestus, or of porous fire-proof cement of which asbestus is an ingredient. The upper opening is covered with one thickness of wire-gauze. There is no tube as distinguished from the body of the lamp, and there is no "body of wire-gauze or perforated thin plate, either rolled up like paper scrolls or put flat together like book-leaves." Wherever in the Beschke patent wire-gauze or perforated thin plate is alluded to, it is in the form of a scroll or of layers, like the leaves of a book, and after constantly repeating this description throughout the patent, and never using the words without some description of a scroll or layers, except in one instance, and then "wire-gauze combined and shaped as mentioned," the patentee adds, "I disclaim also the simple use of mere wire-gauze or perforated thin plate not rolled up like paper scrolls or put flat together like book-leaves." The wire-gauze or perforated thin plate, described in the claim of the Beschke patent, must be construed as referring to wire-gauze or perforated thin plate rolled up like paper scrolls, or put flat together like book-leaves, as described in the specification, and upon this construction of the claim in the patent the defendant does not infringe. Bill dismissed with costs.